CARROLL, DONALD K., Chief Judge.
The plaintiff town has appealed from two interlocutory orders entered by the Circuit Court for Volusia County in a declaratory decree suit brought by the plaintiff to determine whether it or the South Peninsula Zoning District, Volusia County, Florida, has the power to regulate zoning within the limits of the said town.
The Plaintiff alleges in its complaint that it is a municipal corporation organized and existing under Chapter 165, Florida Statutes, F.S.A., having been incorporated on April 20, 1960; that under its police powers and by virtue of Chapter 176, Florida Statutes, F.S.A., it duly enacted a zoning ordinance creating a zoning commission, and another ordinance regulating the construction and maintenance of buildings and other structures within its territorial limits; that the individual defendants are the elected commissioners of the South Peninsula Zoning District, which was created by the Florida Legislature through the enactment of Chapter 26475, Extraordinary Session, Laws 1949, which district covers all of the land, property, and water between the mean low tide of the Atlantic Ocean and the channel of the Halifax River from the south boundary of the City of Daytona Beach to the channel of the Ponce de Leon *905 Inlet, an area which includes the territorial limits of the plaintiff town; that by virtue of the said Chapter and statutory amendments thereto the said District was authorized to make certain zoning regulations within its said area, and did in fact do so, and continued to do so, even after the incorporation of the plaintiff, within the corporate limits of the plaintiff; that a dispute has arisen between the plaintiff and the District as to which has jurisdiction •over the corporate limits of the plaintiff with reference to zoning and building regulations and beach concession permits.
The plaintiff then asserts in its complaint that by virtue of Chapters 165 and 176 of the Florida Statutes as well as its police powers, it has exclusive jurisdiction over its corporate limits with respect to such matters. The plaintiff further claims that, if the authority of the District extends within the territorial limits of the plaintiff, then Chapter 26475 and the amendments' thereto are void and unconstitutional and in violation of certain provisions of the Florida Constitution; that the District has exceeded its authority under the said acts; that one of the amendments to the last-mentioned chapter is void and unconstitutional as an unlawful delegation of authority from the defendant Board of County Commissioners of Volusia County.
In its complaint the plaintiff then demands judgment that the court determine the legal rights of the parties, within the territorial limits of the plaintiff, as to zoning, building regulations, building permits, beach concessions, and occupational licenses; and further demands a permanent injunction to restrain the defendants from exercising such jurisdiction within the plaintiff’s territorial limits.
To this complaint the defendants who constitute the said District filed an answer in which they deny most of the allegations and admit a part of the remaining allegations ; and affirmatively state that the plaintiff has not been properly and legally or-, ganized in accordance with the said Chapter 165.
The said defendants also filed a counterclaim containing allegations that the plaintiff town is a legal and political non-entity as a result of an abortive attempt to create a municipal corporation in accordance with the said Chapter 165; that the said District had been lawfully created and that the Zoning Commission of the District had duly provided for zoning regulations within the District, including that part claimed to be within the territorial limits of the plaintiff town. These defendants prayed in their counterclaim that a final decree be entered declaring that the plaintiff is not a proper legal person or municipal corporation entitled to maintain the suit against the defendants, and declaring that the District and its Commission have exclusive jurisdiction to exercise any of the powers and authority vested in the District and its Commission.
The plaintiff then filed a motion to dismiss the counterclaim and also a motion for a summary final decree for the plaintiff.
In the first order appealed from the chancellor denied the plaintiff’s motion to dismiss the counterclaim and also denied its motion for a final summary decree. In the second order appealed from the chancellor granted the application of the said defendants in their counterclaim for a temporary injunction, restraining the plaintiff, its officers, agents, servants, attorneys, and employees “until the final disposition of this case or until further order of this Court” from enacting any zoning or building regulations or seeking to enforce any such regulations, or seeking to issue or collect for any permits or licenses of the type or character heretofore adopted, enforced, issued, or collected by the defendants. In this latter order the chancellor also ordered that the defendants, pending the final disposition of this cause, shall not, unless permitted by further order of the court, enact *906 any new regulations or requirements or with respect of such area amend or change pre-existing ordinances or regulations. No injunction bond was required of either the plaintiff or the defendants. All parties were given the right, upon reasonable notice, to make application to the court for modifications and changes in the order necessary or reasonably required for the best protection of the public interest. Among the many findings in this second order, the chancellor included the following:
“From the hearings heretofore held it appears that there are issues involved in this case which may take some time to try and determine, and that pending the final determination of this cause right, justice and equity, the best interests of the parties to this cause, and the public interest require and demand that the status quo be preserved by permitting the preexisting regulations, codes and requirements of the South Peninsula Zoning Commission to continue in full force and effect without conflict or contradiction throughout the entire South Peninsula Zoning District, including the area claimed by the plaintiff to have been incorporated as the Town of Daytona Beach Shores.”
One of the chief contentions made by the plaintiff-appellant on this appeal is that the chancellor erred in his first order in denying the plaintiff's motion to dismiss the counterclaim, one of the grounds of which motion is that the counterclaim shows on its face that the District is not the proper party under the Statutes of Florida entitled to attack the validity of the plaintiff’s municipal incorporation.
It is true that in Florida the traditional way to question the legal existence of a municipal corporation is by quo warranto proceedings instituted by the Attorney General in the name of the state, or, if the Attorney General refuses to do so, by compliance with the provisions of Section 165.-30, Florida Statutes, F.S.A. The defendants in their counterclaim have not shown that they have followed this traditional procedure.
Nevertheless, the rule is established in Florida that under some circumstances a question which should ordinarily be determined in a quo warranto proceeding may be determined in an action for a declaratory judgment or decree. The leading case for this proposition is Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 369 (Fla.1955), in which such an action was filed in the Circuit Court for Pinellas County to determine whether a successful candidate for the office of city commissioner was a qualified elector of the city and therefore duly elected. The majority control of the city commission and hence of the city government depended upon the answer to this question. Mr. Justice Thor-nal, speaking for the Supreme Court of Florida, said:
“Having held that the appellee Manly was a qualified elector within the requirements of the laws applicable, we consider the other two questions raised by appellants. In the matter of the propriety of employing the Declaratory Judgment Act it appears to us that the proceeding under this act was thoroughly justifiable in the case at bar in order to bring an expeditious termination to the public confusion that resulted from the situation described above. While the matter of the right to an office was involved, it is perfectly obvious from this record, that the basic objective of the proceeding was to eliminate the chaos that existed throughout the entire municipal government. If the issue had been limited solely to trying title to an office, quo warranto would have been the remedy. In view of the record in this particular case, appellants cannot successfully dispute the appropriateness of the procedure followed.”
*907 We believe that this reasoning of the Supreme Court is equally, if not a for-tiori, applicable to the facts in the instant appeal. The defendants’ counterclaim, as well as the plaintiff’s complaint, was obviously filed under the Declaratory Judgment Act, and we think that their thus utilizing that Act is thoroughly justifiable in order to bring an expeditious termination to the public confusion that has resulted in Volusia County because two governmental bodies — the plaintiff town and the District — both claim to have exclusive zoning jurisdiction within the limits of the plaintiff. The question of the legal existence of the plaintiff as a municipal corporation is only one of many issues that have been raised on both sides in this case, but it is certainly a natural and vital issue to> be raised in an action to determine which of the two governmental bodies has such jurisdiction. On the basis of the rule set forth in the Bloomfield case, we hold that the chancellor correctly denied the plaintiff’s motion to dismiss the counterclaims in question.
We also hold that the chancellor correctly denied the plaintiff’s motion for a summary final decree. When the chancellor denied that motion, there were many issues of material fact created in the verified -counterclaim of the defendants, and. the plaintiff was not entitled to a summary final decree in his favor as a matter of law. The chancellor wisely and correctly decided, under the circumstances, to issue the temporary injunction and maintain the “status quo” until he had had an opportunity to hear all of the evidence presented by all parties on the complex situation involved in this litigation, and we consequently affirm both of the orders appealed from.
Affirmed.
STURGIS and WIGGINTON, JJ., concur.